ZERA BROWN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CONFESSION—*made under advice and promises, not sufficient to convict.* Where a party is induced to make a confession of the commission of a crime by himself and others, under both promises and threats, and makes several different statements, all of which are shown to be untrue, and he is convicted, there being no other testimony sufficient to warrant a conviction, the judgment will be reversed.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an indictment against Zera Brown for burglary. The record shows that the defendant was a weak, simple minded person, and the only evidence against him was his admissions and statements, induced after various threats and promises had been made to him.

Mr. B. D. LUCAS, and Mr. JAMES R. BROOKS, for the plaintiff in error:

A confession can never be received in evidence where the prisoner has been influenced by any threat or promise. *Gates* v. *The People,* 14 Ill. 437; *Austin* v. *The People,* 51 Ill. 239.

Per CURIAM: The accused was indicted for burglary, and on the trial he was found guilty, and sentenced to the penitentiary for the period of one year. On looking into the testimony found in the record we are satisfied it does not warrant the conviction. Much of the testimony admitted against the objections of defendant was incompetent. The accused was advised to make a confession, and in attempting to do so he made several different statements, all of which are shown by other testimony to be absolutely untrue.

The verdict is so much against the weight of the evidence it ought not to be permitted to stand, and for that reason we have not deemed it necessary to consider the instructions given at the trial.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*